UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JAMILA MILLS, on behalf of
herself and those similarly situated

    Plaintiff,

v.

OK SUN ADAMS d/b/a FOXY LADY
LOUNGE, and OK SUN ADAMS,
individually,

    Defendants.
_____/

CASE NO.:   4:13-cv-162 (CDL)

## COMPLAINT

Plaintiff, JAMILA MILLS ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, OK SUN ADAMS d/b/a FOXY LADY LOUNGE, and OK SUN ADAMS, individually (collectively "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This case is about Defendants' illegal treatment of its employees.

2. Defendants own and operate a strip club called Foxy Lady Lounge ("Foxy Lady") in Muscogee County, Georgia.

3. In direct violation of federal law, Defendants miscategorize entertainers who work at their club as independent contractors and require them to pay to come to work. The entertainers receive no wage payments from Defendants, but instead only receive gratuities from customers. Entertainers are also required to attend mandatory meetings at Defendants' place of business, but are not paid for their attendance at those meetings.

Defendants' practices result in employees making less than minimum wage, in violation of federal law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question, 29 U.S.C. § 216(b).

6. Venue is proper in the Middle District of Georgia is proper pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in the Middle District of Georgia.

7. Venue is also proper in the Middle District of Georgia, Columbus Division, because a substantial part of the events at issue in this lawsuit took place in the Middle District of Georgia, Columbus Division and because Defendants reside within the Columbus Division.

## PARTIES

8. Plaintiff, Jamila Mills, is an individual residing in Lanett, Alabama.

9. Plaintiff was employed as an entertainer at Foxy Lady from August of 2009 through mid-April 2013.

10. Foxy Lady is an adult entertainment nightclub located at 3023 Victory Drive, Columbus, Georgia 31903.

11. At all times relevant hereto, Foxy Lady was a sole proprietorship duly organized under the laws of the State of Georgia.

12. Defendant OK Sun Adams ("Adams"), owns and operates Foxy Lady, and has

done so at all times for the three years prior to the filing of this Complaint.

13. At all times material hereto, Adams was the sole proprietor, who owned and operated Foxy Lady.

14. By virtue of being the sole proprietor of the Foxy Lady, Adams is an employer as defined by 29 U.S.C 201 *et. seq.*

15. At all times material hereto, Adams regularly held and/or exercised the authority to hire and fire employees of Foxy Lady.

16. At all times material hereto, Adams regularly held and/or exercised the authority to determine the work schedules for the employees of Foxy Lady.

17. At all times material hereto, Adams regularly held and/or exercised the authority control the finances and operations of Foxy Lady.

18. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of Foxy Lady; (b) determine the work schedules for the employees of Foxy Lady; and (c) control the finances and operations of Foxy Lady, Adams is an employer as defined by 29 U.S.C 201 *et. seq.*

19. Plaintiff, on behalf of herself and others similarly situated current and former employees, brings this Collective Action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), for failure to pay minimum wage.

20. Plaintiff and others similarly situated ("the FLSA Collecitve") are individuals who have worked as current and former entertainer employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

21. Plaintiff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

22. At all times for three years prior to the filing of the instant complaint, Defendants have employed female entertainers at Foxy Lady.

23. At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all entertainers working at Foxy Lady as "independent contractors."

24. At all times for three years prior to the filing of the instant complaint, Defendants have not required entertainers to have any specialized training or background. Defendants have, however: established specific work schedules for entertainers; required entertainers to dance at specified times and in a specified manner on stage and for customers; regulated entertainers' attire and interactions with customers; required entertainers to attend meetings at Defendants' business; and financed all advertising efforts undertaken on behalf of Foxy Lady. Plaintiff was subjected to the policies of Defendants outlined in this paragraph.

25. At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Plaintiff, to pay a specific amount, often referred to as a "house fee" or a "bar fee" in order to work on any given shift.

26. The specific amount entertainers, including Plaintiff, were required to pay has varied over the last three years, but has generally been at least $20 per shift.

27. If entertainers are late for work, fail to work at least two shifts between the days of Monday, Tuesday, Wednesday, or Thursday, are not dressed in time to go out on stage, fail to clean the dressing room and/or the bathroom, fight with one another, talk back to Foxy Lady's management, or are deemed to have violated any of Foxy Lady's

rules, they are charged additional fees or "fines." Plaintiff has been subjected to these charges.

28. Each of the fees described in Paragraphs 26-27 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

29. Defendants have never paid entertainers any amount as wages. Instead, entertainers' sole source of work-related income is gratuities they receive from customers.

30. Because Defendants did not pay Plaintiff any wages, Defendants did not pay Plaintiff one-and-a-half times her regular rate of pay when Plaintiff worked over forty hours in a given workweek.

31. Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wages due them, as required by the Fair Labor Standards Act.

32. Among other things, the recklessness of Defendants' classification is demonstrated by the participation of Defendants, Defendants' managerial and supervisory employees in various professional organizations, including but not limited to the Association of Club Executives (ACE) or related organizations, which publish newsletters cautioning their members (including Defendants) against misclassifying their entertainers as independent contractors.

33. On information and belief, Defendants, Defendants' officers and managerial employees have received newsletters concerning the prospect of lawsuits such as this one when entertainers are misclassified yet chose to misclassify entertainers anyway.

## FIRST CAUSE OF ACTION – MINIMUM WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et. seq.*

34. Paragraphs 1-33 are incorporated by reference as if fully set forth herein.

35. This claim arises from Defendants' willfull violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay a minimum wage to Plaintiff and the FLSA Collective to which they are entitled.

36. At all times relevant, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et. seq.* At all times relevant, Defendants have employed and continue to employ, employees, including Plaintiff and each of the members of the FLSA Collective, who engage or engaged in commerce or in the production of goods for commerce. At all times relevant, upon information and belief, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.00.

37. The minimum wage provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, apply to Defendants and protect Plaintiff and the FLSA Collective.

38. Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

39. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and the FLSA Collective were entitled to be compensated at a rate of $6.79 per hour beginning on January 1, 2008, $7.21 per hour beginning on January 1, 2009 through July 23, 2009, $7.25 per hour from July 24, 2009 through May 31, 2011, $7.31 per hour from June 1, 2011 through December 31, 2011 and $7.67 per hour from January 1, 2012 through December 31,

2012.

40. Defendants were not allowed to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201 *et. seq.* because Defendants provided no notice to employees of their intention to take a tip credit and because Plaintiff was not allowed to keep all of her tip money.

41. Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiff and the FLSA Collective.

42. By failing to compensate Plaintiff and the FLSA Collective, Defendants violated, and continue to violate, their statutory rights under FLSA, 29 U.S.C. § 206.

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

44. Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the court deems proper.

45. Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION – OVERTIME
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et. seq.*

46. Paragraphs 1-33 are incorporated by reference as if fully set forth herein.

47. This claim arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.,* for failure to pay overtime compensation to Plaintiff and the FLSA Collective to which they were entitled.

48. The overtime provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, apply to Defendants and protect Plaintiff and the FLSA Collective.

49. Plaintiff and the other members of the FLSA Collective worked over 40 hours per week in one or more workweeks during the time period relevant hereto (2010-date, and continuing).

50. Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiff and the FLSA Collective were entitled to be compensated at one-and-a-half times their regular rate of compensation for all hours worked over forty hours in any given workweek.

51. Defendants, pursuant to their policies and practices, refused and failed to pay any wage at all to Plaintiff and the FLSA Collective.

52. Defendants did not pay one-and-a-half times Plaintiff's regular rate for hours worked in excess of forty hours per week, because Defendants paid no wages at all to Plaintiff and members of the FLSA Collective.

53. The foregoing conduct, as alleged, constitutes a willfull violation of the FLSA, within the meaning of 29 U.S.C. § 255.

54. Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and other such legal and equitable relief as the Court deems proper.

55. Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and others similarly situated, prays for relief against Defendants as follows:

a. Issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to all entertainers who worked for Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages, unpaid overtime wages, and unlawful kickbacks which Defendants required Plaintiff to make;

c. Judgment against Defendants that their violations of the FLSA were willful;

d. An equal amount to the unpaid wages, overtime wages, and kickback damages as liquidated damages;

e. An award of prejudgment interest;

f. All costs and attorneys' fees incurred in prosecuting these claims, pursuant to 29 U.S.C. § 216(b);

g. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 29th day of May 2013.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
E-mail: AFrisch@forthepeople.com

By: _____
ANDREW FRISCH
GA Bar No.: 366105
MORGAN & MORGAN, P.A.

Trial Counsel for Plaintiff

10