IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JAMILA MILLS, *on behalf of*      *
*herself and those similarly*
*situated*,                       *

    Plaintiff,                 *

                                            CASE NO. 4:13-CV-162(CDL)

vs.                               *

OK SUN ADAMS, *individually and*  *
*doing business as Foxy Lady*
*Lounge*,                         *

    Defendant.                 *

O R D E R

    Plaintiff Jamila Mills was employed as an entertainer at the Foxy Lady Lounge, a club owned by Defendant OK Sun Adams. Mills claims that she and similarly situated individuals who worked as entertainers at the Foxy Lady Lounge were not paid minimum wage and overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Mills now seeks conditional certification of her putative FLSA collective action pursuant to 29 U.S.C. § 216(b). Defendant did not respond to Mills's Motion to Certify Class (ECF No. 11). For the reasons set forth below, the motion is granted.

    An employer who violates the FLSA's minimum wage or overtime compensation requirements shall be liable to the affected employees in the amount of the unpaid minimum wages or

unpaid overtime compensation. 29 U.S.C. § 216(b).  An action to recover such wages or compensation may be maintained against the employer as a collective action, and employees wishing to be plaintiffs in such an action must "opt in" by filing a written consent with the court. *See id.*  To maintain an FLSA collective action, the plaintiffs "must demonstrate that they are similarly situated." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008).

The Eleventh Circuit approved a two-stage procedure for managing FLSA collective actions.  "The first step of whether a collective action should be certified is the notice stage." *Id.* at 1260.  During the notice stage, the court must determine "whether other similarly situated employees should be notified" of the action based on the pleadings and any affidavits. *Id.*; *accord Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (per curiam).  The plaintiff must show a reasonable basis for her claim, and she must also show "that there are other similarly situated employees." *Morgan*, 551 F.3d at 1260.  The standard for determining similarity at the notice stage is "fairly lenient." *Id.* at 1261 (internal quotation marks omitted).  If the court conditionally certifies a collective action, then putative class members are given notice and an opportunity to "opt in." *Hipp*, 252 F.3d at 1218.  The second stage is the "decertification" stage.  When "discovery is

largely complete and the matter is ready for trial[,]" a defendant may file a motion for "decertification," and the court must make "a factual determination on the similarly situated question." *Id.*

This case is in the notice stage, and Mills is seeking conditional certification of a collective action.  In support of her motion to certify, Mills submitted her own declaration, as well as the declaration of opt-in Plaintiff Shiriah Biggs. Mills and Biggs both worked as entertainers, and their job was to perform dances for customers at the Foxy Lady Lounge. According to Mills and Biggs, entertainers were treated the same way in many respects.  Defendant classified all entertainers as independent contractors, not employees, and did not pay any wages to the entertainers.  Mills contends that she and the other entertainers were actually employees and should have been treated as such for FLSA purposes.  According to Mills, Defendant set the schedule for all entertainers, controlled the appearance of the entertainers, and had the authority to discipline, fine, and fire the entertainers.  Defendant required entertainers to pay a "house fee" each shift, set the amount that entertainers were required to charge customers for "personal dances," and required entertainers to share their tips with security personnel and the DJ.  Mills asserts that she knows at least fifty Foxy Lady Lounge entertainers who did not

receive minimum wage or overtime compensation and that at least several of those entertainers would opt in to the collective action if given notice.

Based on the Complaint and the declarations of Mills and Biggs, as well as the lack of any evidence from Defendant, the Court is satisfied that Mills has established that a collective action should be conditionally certified.[1]  Mills's Motion to Certify Class (ECF No. 11) is therefore granted.  The Court conditionally certifies this action as an FLSA collective action for all entertainers who are or were employed at the Foxy Lady Lounge during the past three years.[2]

Mills submitted a proposed notice and seeks permission to send the notice via first-class mail and email to all entertainers who are or were employed at the Foxy Lady Lounge during the past three years.  Mills also seeks to send a reminder postcard to the putative class members forty-five days after the notice is issued.  Defendant did not object to the proposed notice or to Mills's request to send the notice via email and to send a reminder postcard.  The Court approves the proposed notice.  Mills's counsel may send the notice via first-

---

[1] By granting Mills's Motion to Certify, the Court is not making a final determination that Mills and the potential class members were "employees" within the meaning of the FLSA.  But based on the present record, sufficient evidence exists for conditional certification.

[2] Mills alleges that Defendant willfully violated the FLSA.  Willful violations of the FLSA are subject to a three-year statute of limitations.  29 U.S.C. § 255(a).

class mail and email, and they may follow up on the notice with a reminder postcard forty-five days after issuance of the notice.

Finally, Mills seeks discovery for the purpose of identifying and notifying potential class members. Defendant did not object to this discovery. Therefore, Defendant shall provide Mills's counsel with a list of all persons employed as entertainers at the Foxy Lady Lounge during the last three years. The list shall be provided to Mills's counsel on or before December 11, 2013 and shall include each entertainer's name, job title, address, telephone number, employment dates, employment location, date of birth, and last four digits of the entertainer's Social Security Number.

IT IS SO ORDERED, this 7th day of November, 2013.

S/Clay D. Land
_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE