```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

JAMILA MILLS, *on behalf of*   \*
*herself and those similarly*
*situated*,                    \*

    Plaintiff,             \*

                        CASE NO. 4:13-CV-162 (CDL)

vs.                            \*

OK SUN ADAMS, *individually and*   \*
*doing business as Foxy Lady*
*Lounge*,                      \*

    Defendant.             \*

## O R D E R

Presently pending before the Court is Plaintiff's Motion for Stay and to Equitably Toll the Statute of Limitations (ECF No. 18). For the reasons set forth below, the motion for a stay is granted, but the motion to toll the statute of limitations is denied.

### I.  Background

Plaintiff Jamila Mills was employed as an entertainer at the Foxy Lady Lounge, a club owned by Defendant OK Sun Adams. Plaintiff claims that she and similarly situated individuals who worked as entertainers at the Foxy Lady Lounge were not paid minimum wage and overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19. The Court previously granted conditional certification of Plaintiff's putative FLSA

collective action and granted Plaintiff permission to send notice of the action to putative class members.

Defendant did not keep records of the entertainers who worked at the Foxy Lady Lounge, so Plaintiff cannot rely on Defendant's records to effectuate notice to putative class members. Rather, Plaintiff is assembling a list of putative Plaintiffs based on information from the Columbus Police Department, which issues the ABC ID cards that are required for an entertainer to work at an establishment such as the Foxy Lady Lounge.

Under the current scheduling/discovery order, discovery closed on March 21, 2014, and dispositive motions are due on May 5, 2014. Plaintiff filed a motion to stay the litigation until she can get a list of putative class members from the Columbus Police Department and send them notice of this action (ECF No. 18). The request for a stay is granted. This action is stayed until June 30, 2014.

**II.  Motion for Equitable Tolling**

Plaintiff also asks the Court to apply the doctrine of equitable tolling to toll the FLSA's statute of limitations until putative class members receive notice and an opportunity to opt in to this action. To join an FLSA collective action, an employee must consent, or opt in, to the action by filing with the court a written consent to join. 29 U.S.C. §§ 216(b), 256(b); *see Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996). "[O]pt-in

2

plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action." *Id.* Therefore, an opt-in plaintiff "must file his written consent to opt into the class action prior to the expiration of the statute of limitations on his [FLSA] claim."  *Id.* at 1107.  Once an individual opts in to an FLSA collective action, the statute of limitations is tolled from the date the consent form is filed, but if the court later denies certification of the collective action and dismisses the opt-in plaintiffs, the statute of limitations resumes upon that dismissal.  *E.g.*, *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1379 n.6, 1380 (11th Cir. 1998).

Plaintiff seeks to toll the statute of limitations for putative class members until class notice can be effectuated. Equitable "tolling is an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).  It is permitted "upon finding an inequitable event that prevented plaintiff's timely action."  *Id.* (internal quotation marks omitted).  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Motta* ex rel. *A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013) (internal quotation marks omitted). "It is also appropriate if in the exercise of due diligence, the claimant nonetheless files a defective pleading during the

3

statutory period." *Id.* (internal quotation marks omitted). Equitable tolling has also been permitted where the plaintiff "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (per curiam) (noting that Secretary's allegation that employer "submitted 'Receipts for Payment of Back Wages' knowing that they were false [was] sufficient to suggest equitable tolling"). Finally, equitable tolling is permitted if the plaintiff receives inadequate notice from the EEOC of his right to sue and the time limits for doing so. *Browning v. AT&T Paradyne*, 120 F.3d 222, 227 (11th Cir. 1997); *cf. Chapman v. Fred's Stores of Tenn., Inc.*, No. 2:08-cv-01247-HGD, 2013 WL 1767791, at *15-*16 (N.D. Ala. Mar. 15, 2013) (finding that statute of limitations for Equal Pay Act claims should be tolled for female assistant managers who claimed that they did not know until notice was effectuated that male assistant managers were paid higher wages and distinguishing *In re Tyson Foods, Inc.*, No. 4:07-MD-1854 (CDL), 2008 WL 4613654 (M.D. Ga. Oct. 15, 2008), an FLSA case where equitable tolling did not apply because employees "knew they were working off the clock and not getting paid").

But equitable tolling is not generally permitted where "the claimant failed to exercise due diligence in preserving his legal

4

rights." *Irwin*, 498 U.S. at 96 (holding that equitable tolling was not appropriate where plaintiff failed to file his Title VII complaint within thirty days of his attorney's receipt of the right-to-sue letter); *accord Motta*, 717 F.3d at 846-47 (declining to apply equitable tolling because the plaintiff's "untimely filing could have been avoided with due diligence"); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (per curiam) (declining to apply equitable tolling because untimely filing was due to neglect, not extraordinary circumstances); *Justice*, 6 F.3d at 1480 (finding that plaintiff's failure to prosecute his case barred application of equitable tolling).

Plaintiff did not point the Court to any binding authority that supports the application of equitable tolling in this action. The Court considered a similar equitable tolling request in *Tyson Foods*, a case in which chicken processing employees claimed that their employer violated the FLSA by requiring them to perform "off the clock" work. , 2008 WL 4613654, at *1. In *Tyson*, there was no showing that the potential plaintiffs "were reasonably induced to refrain from filing a timely claim." *Id.* at *3. And "[a]ll of the potential opt-in plaintiffs knew that they were performing work 'off the clock' and that they were not being paid for it." *Id.* Therefore, the potential opt-in plaintiffs had all the information they needed to file an FLSA claim, and equitable tolling was not appropriate. *Id.*

5

Here, Plaintiff did not allege that an inequitable event prevented putative class members from opting in to this action or filing a separate timely FLSA action. In fact, Plaintiff asserts that some entertainers do know about this action but have not yet opted in. Mills Decl. ¶ 25, ECF No. 11-1. Even if other entertainers do not know about this action, they do know how many hours they worked and how much pay they received; that is enough information to determine whether they were paid minimum wage. In sum, there is no showing that the putative class members in this action were induced to refrain from filing a timely claim, and the Court finds that equitable tolling is not appropriate in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for a stay is granted, and Plaintiff's motion for equitable tolling is denied (ECF No. 18). This action is stayed until June 30, 2014. The parties shall submit an amended proposed scheduling/discovery order on or before June 30, 2014.

IT IS SO ORDERED, this 3rd day of April, 2014.

                                        s/ Clay D. Land
                                           CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE